UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTURO E., | Civil Action No. 19-13032 (SDW) |
| Petitioner, | |
| v. | OPINION |
| WILLIAM J. ANDERSON, et al., | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the *pro se* petition for a writ of habeas corpus of Petitioner, Arturo E., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Also before the Court is Petitioner's motion to re-open this matter. (ECF No. 3). Because Petitioner has now paid the filing fee, Petitioner's motion to re-open is granted. As a result, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition for lack of jurisdiction.

**I. BACKGROUND**

Petitioner is a native and citizen of Peru who entered the country with his father in 1990. (Document 1 attached to ECF No. 1 at 38). His father thereafter became a naturalized citizen, and Petitioner became a lawful permanent resident of the United States. (*Id.*). Following an extensive criminal history, Petitioner was taken into immigration custody and placed in detention pursuant to 8 U.S.C. § 1226(c) on or about August 11, 2016. *See Arturo E. v. Green,* No. 18-9283, 2018

1

WL 5342720, at *1 (D.N.J. October 29, 2018). In June 2018, an immigration judge rejected Petitioner's claim of derivative citizenship and ordered him removed to Peru. *Id.* Petitioner appealed, and the BIA affirmed the immigration judge's finding that Petitioner was not entitled to derivative citizenship as Petitioner's parents were never legally married, and dismissed his appeal on December 7, 2018. (Document 1 attached to ECF No. 1 at 37). Petitioner thereafter filed a petition for review and was granted a stay of removal until the Third Circuit decides his petition for review challenging the immigration courts' rejection of his derivative citizenship claim. (*See* Third Circuit Docket No. 19-1049 at Documents 3113173659, 3113180384). Petitioner's petition for review remains pending at this time. (*See* Third Circuit Docket No. 19-1049 Docket Sheet).

In addition to doing so before the immigration courts, Petitioner has also sought derivative citizenship through the filing of a N-600 application with United States Citizenship and Immigration Services (USCIS). (Document 2 attached to ECF No. 1 at 73). USCIS denied that application in December 2018. (*Id.*). Although Petitioner has filed an administrative appeal of that decision (*see id.* at 76), it does not appear that this appeal has yet run its course.

In May 2018, Petitioner filed with this Court a petition for a writ of habeas corpus challenging his detention under 8 U.S.C. § 1226(c). *See Arturo E.,* 2018 WL 5342720 at *1. This Court granted that petition in October 2018, and ordered that Petitioner receive a bond hearing. *Id.* at *1-3. That hearing was ultimately held on November 27, 2018. (ECF No. 1 at 6). The immigration judge denied Petitioner bond based on multiple disciplinary reports which the immigration judge found indicated Petitioner was a danger to the community. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

In his newly filed habeas petition, Petitioner seeks not to challenge the length or propriety his current period of immigration detention itself, but instead seeks to challenge the determination of the immigration courts that he is not a derivative United States Citizen, which he contends will require his release if determined in his favor. In so doing, Petitioner seeks to challenge not only his current period of immigration detention, but also his underlying administratively final order of removal. In passing the REAL ID Act, Congress greatly restricted the jurisdiction of district courts

3

in relation to the review of removal proceedings and facts related to an alien's order of removal.

*See* 8 U.S.C. § 1252. Pursuant to the Act,

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including [28 U.S.C. § 2241], or any other habeas corpus provision, and [28 U.S.C. §§ 1361 and 1651, the statutes which provide the basis for mandamus jurisdiction,] a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus pursuant to [28 U.S.C. § 2241], or any other habeas corpus provision, [28 U.S.C. §§ 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). The statute likewise provides that

> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under [8 U.S.C. § 2241] or any other habeas corpus provision, by [28 U.S.C. §§ 1361 or 1651], or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). As the Third Circuit has explained, Congress's goal in passing the Act was "to streamline . . . uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)," which Congress sought to achieve "[b]y placing all review in the courts of appeals [thus providing] an adequate and effective alternative to habeas corpus." *Verde-Rodriguez v. Atty' Gen.*, 734 F.3d 198, 207 (3d Cir. 2013).

Once an alien has received a final order of removal, this Court is therefore without jurisdiction to consider challenges to the order of removal or any petition which challenges the underlying factual and legal conclusions reached by the immigration courts in entering that order. This includes findings as to derivative citizenship where that question is raised in the underlying removal proceedings. *See Todd-Murgas v. Samuels*, No. 07-1644, 2007 WL 1202726, at *2-4 (D.N.J. Apr. 19, 2007) ("where an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied [in the removal proceedings], that individual may seek judicial review of the claim only before the appropriate court of appeals," internal quotations omitted); *see also* 8 U.S.C. 1252(b)(5) (requiring that petitioners raise challenges to denial of derivative citizenship first through a petition for review, and only before a district court where the Court of Appeals determines further factual findings are required)[1]; *Bryan v. U.S. Citizenship & Immigration Servs.*, 506 F. App'x 151, 151 (3d Cir. 2012); *Jordon v. Att'y Gen. of U.S.*, 424 F.3d 320, 326-27 (3d Cir. 2005). As Petitioner raised his citizenship challenge in his removal proceedings, and as his citizenship claim was rejected as part of his final removal order, this Court is without jurisdiction to consider Petitioner's citizenship claim through a petition for writ of habeas corpus. Petitioner must instead litigate this issue in his petition for review before the Third Circuit. As Petitioner's habeas petition claims entitlement to release only through a finding that he is a United States citizen, and as this Court is without jurisdiction to address that question through this habeas petition, Petitioner's habeas petition must be dismissed for lack of jurisdiction.

---

[1] This Court notes that the Third Circuit specifically explained this required procedure to Petitioner in an order issued as part of his petition for review process. (*See* Third Circuit Docket No. 19-1049 at Document 3113173659).

**III. CONCLUSION**

For the reasons expressed above, Petitioner's motion to re-open this matter is granted, and Petitioner's habeas petition is dismissed for lack of jurisdiction. An appropriate order follows.


Dated: July 24, 2019
*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge